UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-1 DAVID WENGER,

    Defendant.

_____/

CASE NO. 15-cr-20254

HON. ROBERT H. CLELAND

Offenses: 8 U.S.C. §§1001, 2
False Statement
18 U.S.C. §§1519, 2
False Document
18 U.S.C. § 1512(c)
Obstruction of
Official Proceedings

## SUPERSEDING INDICTMENT

The grand jury charges that:

### GENERAL ALLEGATIONS

1. In 2012 and 2013 defendant DAVID WENGER was an attorney licensed to practice law in the State of Michigan. During this period defendant WENGER provided legal services in connection with immigration matters.

2. In 2012 and 2013 F.D. was a citizen of Montenegro who had been granted permission to live in the United States. F.D. was not a citizen of the United States. In 2012 and 2013 F.D. retained defendant WENGER to represent F.D. in connection with legal matters, including F.D.'s status in the United States.

1

3. In 2013 United States immigration officials were responsible for the decision whether or not to remove F.D. from the United States. In about March, 2013, the United States government began efforts to remove F.D. from the United States because F.D. had been convicted of possession of narcotics, and so informed F.D.

4. Based on the advice of defendant WENGER, F.D. attempted to set aside the order of deportation.

5. Whether to deport F.D. was to be resolved by the United States Immigration Court. F.D.'s honesty and his complete criminal record were important factors in the decision by the United States Immigration Court whether or not to uphold the order to deport F.D. F.D.'s complete criminal record included convictions for obstruction of justice, domestic violence, and criminal sexual conduct, which convictions were under a different last name than the name by which F.D. was listed in the immigration proceedings.

6. Beginning no later than April 24 and continuing until May 28, 2013, defendant WENGER counseled F.D. falsely to deny, during the immigration proceedings, that F.D. had any criminal convictions in any names other than the name by which F.D. was listed in the ongoing immigration proceedings. In particular, defendant WENGER counseled F.D. to deny that he had a conviction for criminal sexual conduct.

## COUNT ONE
## Making a False Statement
## (18 U.S.C. §§1001, 2)

1. The general allegations are included in this count.

2. On about May 9, 2013, in Detroit, Michigan, defendant WENGER knowingly and willfully submitted, and caused to be submitted, to the United States Executive Office for Immigration Review and to the United States Immigration Court, an Application for Cancellation of Removal of Certain Permanent Residents, which application sought to cancel removal of F.D. from the United States. As defendant WENGER well knew, the application included a false, fictitious, and fraudulent representation that F.D.'s criminal history was limited to three specified controlled substance convictions, when in fact F.D. had been convicted of additional crimes, including criminal sexual conduct. As defendant WENGER also well knew, the application concealed and covered up F.D.'s additional convictions by purporting to list all of his convictions while actually listing only three. The false representation and the omission had the potential to affect the decisions and actions of the United States Executive Office for Immigration Review and the United States Immigration Court concerning F.D.'s deportation.

All in violation of Title 18, United States Code, Sections 1001 and 2.

## COUNT TWO
### Falsifying Document to Obstruct Proceedings
### (18 U.S.C. §§1519, 2)

1. The general allegations are included in this count.

2. On about May 9, 2013, in Detroit, Michigan, defendant DAVID WENGER knowingly submitted and caused to be submitted, to the United States Executive Office for Immigration Review and to the United States Immigration Court, an Application for Cancellation of Removal of Certain Permanent Residents, which application sought to cancel removal of F.D. from the United States.

3. As defendant WENGER well knew, the application falsified F.D.'s criminal history, by stating that the criminal history was limited to three specified convictions, when in fact F.D. had been convicted of additional crimes, including criminal sexual conduct. As defendant WENGER also well knew, the application concealed and covered up F.D.'s additional convictions by purporting to list all of his convictions while actually listing only three. Defendant WENGER falsified this Application, and caused it to be falsified, with the intent to impede, obstruct, and influence the investigation and proper administration of F.D.'s status in the United States by the Executive Office for Immigration Review and the United States Immigration Court.

All in violation of Title 18, United States Code, sections 1519 and 2.

# COUNT THREE
## Corruptly Influencing Official Proceeding
## (18 U.S.C. §1512(c))

1. The general allegations are included in this count.

2. Pursuant to the advice defendant WENGER had given F.D., on about May 24 through May 28, 2013, in Detroit, Michigan, defendant WENGER knowingly caused F.D. and members of F.D.'s family falsely to testify in United States Immigration Court.

3. On May 24, Defendant WENGER caused members of F.D's family falsely to testify that the family members were not aware of criminal convictions for F.D., other than the convictions which had already been disclosed during the immigration proceedings.

4. Defendant WENGER caused F.D. to provide the following answers in response to the following questions on May 28:

WENGER: Have you been convicted of anything else, other than the charges that you've already admitted to, the possession charges, that's the reason we're here. Is there anything else that you've ever been convicted of?

F.D.: Uh, obstruction of justice.

\* \* \* \*

WENGER (to court): This just came up since we were in court Friday . . . .

\* \* \* \*

WENGER: (to F.D.): You and I discussed this after the weekend, and then, you remembered that you did have this other conviction. Is that correct?

F.D.: Uh, yes.

* * * *

Cross-examination: [The questioner read question 49 of the Application for Cancellation of Removal] Did you understand that?

F.D. Uh, yes.

Cross-examination: Okay. And then, you originally answered that question by disclosing your drug convictions. And you signed it, last time, that it was accurate and complete. So sir, now we know, that it's not accurate and complete, and you've also been convicted of domestic violence and obstruction of justice. And so now my question is, sir, why did you not include, on the application the first time, those two arrests and convictions?

F.D.: I don't know how to answer that question honestly. I, I wish I would have. I don't know what to say. Honestly.

Cross-examination: Well, sir, that's what I want to know, is why.

F.D.: I wish I would . . . All I could account it to is just, I don't know, honestly. I have no idea.

Cross-examination: You forgot about them?

F.D.: Maybe. I could have.

* * * *

Cross-examination: Okay, so this came to your attention Friday, when you heard the other testimony. Is that a fair statement?

F.D.: Uh, yes, so yes. Probably Saturday. Yes, that's a fair statement.

Cross-examination: So you've had time over the weekend to think about it, and

then realize that it was wrong, and then you told your attorney, who told us. Right?

F.D.: Uh, yes.

Cross-examination: So, now is it accurate and complete?

F.D.: I believe it is, yes.

Cross-examination: So you have no other arrests? . . . For anything? . . . Any other arrests at all?

F.D.: Uhh, no.

Cross-examination: Any other convictions at all?

F.D.: Uhh, no.

Cross-examination: And you're positive?

F.D.: Yes.

5. The answers that defendant WENGER caused F.D. and members of F.D.'s family to give were false, and defendant WENGER knew that they were false, in that members of F.D.'s family knew that F.D. had additional criminal convictions; F.D. had not forgotten his additional convictions; F.D. had not remembered his additional convictions only during the preceding weekend; F.D. did not believe that his Application for Cancellation of Removal was then accurate and complete; and F.D. did have an arrest and conviction for criminal sexual conduct that he had not previously disclosed.

6. By causing F.D. and members of F.D.'s family to give the false testimony described above, defendant WENGER corruptly influenced, obstructed, and impeded the proceedings of the United States Immigration Court, and attempted to do so.

All in violation of Title 18, United States Code, section 1512(c).

THIS IS A TRUE BILL

s/Grand Jury Foreperson

BARBARA L. McQUADE
UNITED STATES ATTORNEY

s/JONATHAN TUKEL
Chief, Health Care Fraud Unit
Assistant United States Attorney

s/LYNN A. HELLAND
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9644
Lynn.helland@usdoj.gov
P32192

**ORIGINAL**

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br>15-cr-20254 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## Reassignment/Recusal Information
This matter was opened in the USAO prior to August 15, 2008 [ ]

| **Companion Case Information** | Companion Case Number: N/A |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)¹: | Judge Assigned: N/A |
| ☐ Yes  ☒ No | AUSA's Initials: _____ |

Case Title: USA v. DAVID WENGER

County where offense occurred: Wayne

Check One:   ☒ Felony        ☐ Misdemeanor        ☐ Petty

____Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:                    ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: __15-cr-20254__         Judge: __Robert H. Cleland__

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
|  | 8 U.S.C. §§1001, 2<br>18 U.S.C. §§1519, 2<br>18 U.S.C. § 1512(c) |  |

---

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

June 2, 2015
Date

LYNN A. HELLAND
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9730
Fax:   (313) 226-2621
E-Mail address: lynn.helland@usdoj.gov
Attorney Bar #: P32192

---

Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

04/13