UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | No. 15cr20254 |
| Plaintiff, | Hon. Robert H. Cleland |
| v. | Offense: 18 USC §1512(c) – Obstruction of Official Proceedings |
| D-1 David Wenger, | Maximum Incarceration: 20 years |
| Defendant. | Maximum Fine: $250,000 |

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant David Wenger and the government agree as follows:

1.   **Guilty Plea**

   A.   **Count of Conviction**

   Mr. Wenger will enter a plea of guilty to count three of the superseding indictment, which charges that he obstructed an immigration proceeding.

   B.   **Elements of Offense**

   The elements of count three are:

   1.   Mr. Wenger attempted to obstruct, influence, or impede any official proceeding; and

2. He acted corruptly.

## C.   **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for this guilty plea:

Beginning in about April, 2013, Mr. Wenger began to represent F.D. in connection with F.D.'s effort to avoid revocation of his green card and a subsequent deportation. During that representation Mr. Wenger became aware that F.D.'s criminal history included a conviction for third degree criminal sexual conduct in 1990, plus other convictions. Mr. Wenger also became aware that United States Customs and Immigration Enforcement had not listed this conviction among the convictions that were the basis for removing F.D. from the United States. On April 17, 2013, Mr. Wenger filed a notice of appearance in F.D.'s immigration case. On May 9, 2013, Mr. Wenger filed an Application for Cancellation of Removal for Certain Permanent Residents on behalf of F. D. Although the application required F.D. to disclose all prior convictions, Mr. Wenger signed and filed the application without including in it the 1990 criminal sexual conduct conviction and certain other convictions of which Mr. Wenger was then aware.

During the period from the beginning of representing F.D. until May 28, 2013, when F.D. testified before United States Immigration Court

2

concerning his application, Mr. Wenger repeatedly counseled and instructed
F.D. and F.D.'s family members to not disclose the criminal sexual conduct
conviction even if they were asked about his prior convictions during their
testimony.

On May 28, 2013, shortly before F.D. was to testify in support of his
application to cancel his removal, Mr. Wenger repeated this admonition to
F.D. On May 28, 2013, F.D. was placed under oath before testifying in
United States Immigration Court, in an official proceeding. Under
questioning by Mr. Wenger, F.D. claimed falsely that he had disclosed all
prior convictions, although both Mr. Wenger and F.D. were aware that F.D.
had not disclosed his criminal sexual conduct conviction. The fact that F.D.
had a criminal sexual conduct conviction was material to the application
concerning which F.D. was then testifying.

2.   **Sentencing Guidelines**

A.   **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.   **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below Mr.
Wenger's guideline range is 18-24 months, as set forth on the attached worksheets.
If the Court finds:

3

1. That Mr. Wenger's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, Mr. Wenger made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 18-24 months, the higher guideline range becomes the agreed range. The Court is not bound by this recommendation concerning the guideline range, and Mr. Wenger understands that he will have no right to withdraw his guilty plea if the Court does not follow this recommendation. If the Court finds that Mr. Wenger is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a different position concerning the applicable guidelines than that party's position as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

4

3.    **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.    **Imprisonment**

Pursuant to Rule 11(c)(1)(B), the government makes a non-binding recommendation that the sentence of imprisonment be no more than the mid-point of the sentencing guideline range as determined by Paragraph 2B, and that such a sentence is adequate to satisfy all factors the Court is required to consider under section 3553.

B.    **Supervised Release**

If the Court imposes a term of imprisonment it must also impose at least one year of supervised release following imprisonment. The agreement concerning imprisonment in Paragraph 3A does not apply to any term of imprisonment which results from any later revocation of supervised release.

C.    **Special Assessment**

Mr. Wenger will pay a special assessment of $100 and must provide the government with a receipt for the payment before sentence is imposed.

D.    **Fine**

There is no agreement as to a fine.

5

E.    **Restitution**

Restitution is inapplicable.

4.    **Use of Withdrawn Guilty Plea**

If the Court allows Mr. Wenger to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), Mr. Wenger waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

5.    **Other Charges**

If the Court accepts this agreement, the government will not pursue additional charges against Mr. Wenger in connection with his representation of F.D.

6.    **Each Party's Right to Withdraw from This Agreement**

The recommendations in Parts 2 and 3 are not binding on the Court. Mr. Wenger has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

7.    **Appeal Waiver**

If the sentence imposed falls within the guideline range agreed to by the parties per Paragraph 2B, above, Mr. Wenger waives any right to appeal his conviction. The government agrees not to appeal any sentence within the guideline range agreed to in Paragraph 2B, but retains the right to appeal any determination

6

by the Court to apply a lower range or to impose a sentence below the guideline range that the government believes to be unreasonable. Nothing in this waiver shall be construed to bar a claim of ineffective assistance of counsel, provided that Mr. Wenger properly raises such claim by collateral review under 28 U.S.C. § 2255.

8.     **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If, notwithstanding paragraph six, above, Mr. Wenger is allowed to withdraw his guilty plea or if the conviction entered pursuant to this agreement is vacated, and if additional charges are filed against Mr. Wenger within six months after the date the order vacating his conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea, Mr. Wenger waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9.     **Parties to Plea Agreement**

Unless otherwise indicated, this agreement binds no government agency except the United States Attorney's Office for the Eastern District of Michigan.

10.     **Plea under Advisement**

The parties, understanding Mr. Wegner's limited ability to withdraw his guilty plea and the parties limited rights to withdraw from this agreement,

7

nevertheless request that this Court take Mr. Wegner's guilty plea and Rule 11 under advisement until the time of sentencing.

11.   **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to Mr. Wenger or to his attorney at any time before Mr. Wenger pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against Mr. Wenger, or any forfeiture claim against any property, by the United States or any other party.

12.   **Government's Right to Modify Agreement**

The government reserves the right to modify or revoke this offer at any time

before Mr. Wenger pleads guilty.

Barbara L. McQuade
United States Attorney

Jonathan Tukel                                   Ronald W. Waterstreet
Chief, National Security Unit                    Assistant United States Attorney

Date: July 28, 2015

By signing below, Mr. Wenger acknowledges that he has read (or been read) this
entire document, understands it, and agrees to its terms. He also acknowledges that
he is satisfied with his attorney's advice and representation. Mr. Wenger agrees that
he has had a full and complete opportunity to confer with his lawyer, and has had
all of his questions answered by his lawyer.

David Tholen                                     David Wenger
Attorney for Mr. Wenger                          Defendant

Date: 8/20/15

| Defendant: | David Wenger | Count: | Three (3) |
|---|---|---|---|
| Docket No.: | 15-20254 | Statute(s): | 18 U.S.C. Section 1512(c) |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2J1.2(a) | Corruptly Influencing an Official Proceeding | 14 |
| | | |
| | | |
| | | |
| | | |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.1(c) | Aggravating Role | 2 |
| 3B1.3 | Abusing a Position of Trust | 2 |
| | | |
| | | |

A-1

| Defendant: | David Wenger | Count: | Three (3) |
|---|---|---|---|
| Docket No.: | 15-20254 | Statute(s): | 18 U.S.C. Section 1512(c) |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

$$18$$

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

*If this is the only Worksheet A, check this box and skip Worksheet B.*            ✓

*If the defendant has no criminal history, check this box and skip Worksheet C.*    ✓

A-2

| Defendant: | David Wenger | Count: | Three (3) |
|---|---|---|---|
| Docket No.: | 15-20254 | Statute(s): | 18 U.S.C. Section 1512(c) |

## **WORKSHEET B (Multiple Counts)**

**Instructions** (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

5. **TOTAL UNITS**

unit

unit

unit

unit

units

| Defendant: | David Wenger | Count: | Three (3) |
|---|---|---|---|
| Docket No.: | 15-20254 | Statute(s): | 18 U.S.C. Section 1512(c) |

**6.   INCREASE IN OFFENSE LEVEL**

1 unit ⟶  no increase        2 1/2 – 3 units ⟶ add 3 levels
1 1/2 units ⟶ add 1 level    3 1/2 – 5 units ⟶ add 4 levels
2 units ⟶ add 2 levels          > 5 levels ⟶ add 5 levels



**7.   ADJUSTED OFFENSE LEVEL OF GROUP
      WITH THE HIGHEST OFFENSE LEVEL**



**8.   COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.

B-2

| Defendant: | David Wenger | Count: | Three (3) |
|---|---|---|---|
| Docket No.: | 15-20254 | Statute(s): | 18 U.S.C. Section 1512(c) |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):_____

1.  **PRIOR SENTENCES**

**Prior Sentence of Imprisonment Exceeding 13 Months**                           **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                           **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                           **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | David Wenger | Count: | Three (3) |
|---|---|---|---|
| Docket No.: | 15-20254 | Statute(s): | 18 U.S.C. Section 1512(c) |

| **Date of Imposition** | **Status*** | **Offense** | **Sentence** | **Release Date**** | **Points** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*      If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*      A release date is required in only two situations:   (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

C-2

| Defendant: | David Wenger | Count: | Three (3) |
|---|---|---|---|
| Docket No.: | 15-20254 | Statute(s): | 18 U.S.C. Section 1512(c) |

2. **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

3. **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

4. **TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

5. **CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

C-3

| Defendant: | David Wenger | Count: | Three (3) |
|---|---|---|---|
| Docket No.: | 15-20254 | Statute(s): | 18 U.S.C. Section 1512(c) |

# **WORKSHEET D (Guideline Range)**

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

| 18 |
|---|

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

| -3 |
|---|

**3.   TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

| 15 |
|---|

**4.   CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.   Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

| I |
|---|

**5.   CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. CH. 4, PT. B)**
   a.   Total Offense Level:   If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

| |
|---|

   b.   Criminal History Category:   If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal  provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

| |
|---|

**6.   GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

| 18-24 |
|---|

months

| Defendant: | David Wenger | Count: | Three (3) |
|---|---|---|---|
| Docket No.: | 15-20254 | Statute(s): | 18 U.S.C. Section 1512(c) |

**7.   STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

months

| Defendant: | David Wenger | Count: | Three (3) |
|---|---|---|---|
| Docket No.: | 15-20254 | Statute(s): | 18 U.S.C. Section 1512(c) |

# WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**
   a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

   [×]    1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   [ ]    2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ]    3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. Length of Term of Probation (U.S.S.G. § 5B1.2)

   [ ]    1. At least 1 year but not more than 5 years (total offense level ≥ 6)
         2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   [×]  a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   [ ]  b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**
   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | David Wenger | Count: | Three (3) |
|---|---|---|---|
| Docket No.: | 15-20254 | Statute(s): | 18 U.S.C. Section 1512(c) |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

        ☐ 1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

        ☒ 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

        ☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

        ☐ 4. The statute of conviction requires a minimum term of supervised release of ___ years.

    c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

    ☐ 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

    ☐ 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

| Defendant: | David Wenger | Count: | Three (3) |
|---|---|---|---|
| Docket No.: | 15-20254 | Statute(s): | 18 U.S.C. Section 1512(c) |

☐  3.  The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐  4.  The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☒  5.  Restitution is not applicable.

## 6. FINE  (U.S.S.G. § 5E1.2)

a.  <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.  <u>Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))</u>

| <u>Minimum Fine</u> | <u>Maximum Fine</u> |
|---|---|
| $4,000 | $40,000 |

E-3

| Defendant: | David Wenger | Count: | Three (3) |
|---|---|---|---|
| Docket No.: | 15-20254 | Statute(s): | 18 U.S.C. Section 1512(c) |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:
   - $100.00 for every count charging a felony ($400 for a corporation),
   - $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
   - $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
   - $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

   The defendant must pay a special assessment or special assessments in the total amount of $100_____.

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

   [ ]  Assets of the defendant will be forfeited.

   [ ]  Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

   _____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

E-4

(Rev. April 2014)